FILED
JUL 3 1 2012
Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TYRONE JULIUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. **12 1258** |
| | ) |
| CRAIG KELLER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

This matter comes before the Court on review of the plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court will grant the application, and dismiss the complaint.

The Court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(1)(B), 1915A(b)(1). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The Court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404

U.S. 519, 520 (1972). This complaint includes a drawing, disjointed words and phrases, and a demand for $999,999,999.00. Wholly lacking are any factual allegations, credible or not. The complaint is frivolous and must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

An Order consistent with this Memorandum Opinion is issued separately.

/s/ _____
United States District Judge

DATE: 7\30\12